# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Robert S. Guyton, Respondent.

Appellate Case No. 2022-000252

---

Opinion No. 28091
Submitted March 21, 2022 – Filed April 13, 2022

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

James Emerson Smith, Jr., of Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a public reprimand and a fine.  We accept the Agreement,
publicly reprimand Respondent, and impose a fine.  The facts, as set forth in the
Agreement, are as follows.

## I.

Respondent was reported to the South Carolina State Ethics Commission on
January 22, 2010.  On January 15, 2019, Respondent and the State Ethics
Commission entered into a consent order in which Respondent admits that in 2009,
he engaged in an effort to maximize financial support to certain favored political
candidates running for local and statewide election.  In connection with this effort,
on June 8, 2009, Respondent instructed his bookkeeper to order numerous cashier's

checks that ostensibly derived from fourteen different limited liability companies (LLCs).  After the cashier's checks were prepared by the bank, one of Respondent's employees delivered them to the Myrtle Beach Area Chamber of Commerce (MBAC) office.  The checks were then distributed to the candidates by the MBAC chairman.  In total, 148 cashier's checks were issued in amounts totaling $183,000.

Respondent admits he personally funded these political contributions, as most of the LLCs had little or no money of their own.  Respondent further admits he had previously provided these candidates the maximum political campaign contribution allowed, and as such, the subsequent contributions were excessive as a matter of law.  Respondent admits he violated section 8-13-1314 of the South Carolina Code by providing contributions to the candidates through fourteen LLCs in excess of statutory contribution limits.[1]

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (prohibiting misconduct); and Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation).  Respondent also admits his misconduct is grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline).  In the Agreement, Respondent agrees to the imposition of a public reprimand.  He further agrees to pay a fine of $5,000 and the costs of these proceedings.  As a condition of discipline, Respondent agrees to complete the Legal Ethics and Practice Program Ethics School within nine months.

## II.

We find Respondent has committed misconduct and accept the Agreement.  Accordingly, we publicly reprimand Respondent and impose a $5,000 fine.  *See* Rule 7(b)(7), RLDE, Rule 413, SCACR (providing misconduct may be grounds for the assessment of a fine).  Within thirty days, Respondent shall pay the $5,000 fine and all costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.  Within nine months, Respondent shall complete the Legal Ethics and Practice Program Ethics School.

**PUBLIC REPRIMAND.**

---

[1] For these violations, the State Ethics Commission issued a public reprimand and ordered Respondent to pay a civil penalty of $28,000 and an administrative fee of $5,000.

**BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur. HEARN, J., not participating.**